IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**OSCAR GACIA-VALERA**                                      **PETITIONER**

**V.**                      **CIVIL ACTION NO. 3:24-cv-134 HTW-LGI**

**SHANNON WITHERS**                                      **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Oscar Garcia-Valera, currently incarcerated in the Federal Correctional Complex in Yazoo City, Mississippi, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Garcia-Valera contends that the Bureau of Prisons ("BOP") has failed to credit him with Earned Time Credit under the First Step Act. Respondent asserts that the petition should be dismissed for lack of exhaustion, or on the merits. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the petition be dismissed for the reasons below.

The First Step Act ("FSA") provides that eligible inmates may earn FSA Time Credits towards pre-release custody (*i.e.*, home confinement or halfway house placement), or an early transfer to supervised release, if they complete BOP approved "evidence-based recidivism reduction programs or productive activities" that are assigned to the inmate based on the inmate's risk and needs assessment. 18 U.S.C. § 3621(h)(2). But an inmate challenging the computation and execution of his sentence, including his eligibility under the FSA, must complete all steps in the administrative remedies process before filing a § 2241 petition. *Woodford v. Ngo*, 548 U.S. 81, 89–92, 126 S. Ct. 2378,

165 L. Ed. 2d 368 (2006); *Boatwright v. Reiser*, No. 3:21CV245 CWR-LGI, 2023 WL 6396057, at *1 (S.D. Miss. Aug. 29, 2023), *report and recommendation adopted sub nom.* No. 3:21-CV-245-CWR-LGI, 2023 WL 6394380 (S.D. Miss. Sept. 29, 2023) (petitioner must exhaust his FSA claim before filing federal habeas petition). *Lee v. Reiser*, No. 3:20CV713 HTW-LGI, 2023 WL 9601443, at *2 (S.D. Miss. Mar. 7, 2023), *report and recommendation adopted,* No. 3:20-CV-713-HTW-LGI, 2024 WL 534945 (S.D. Miss. Feb. 9, 2024) (same). That process requires that an inmate must first file a BP-8 form requesting informal resolution. If this fails, the inmate must submit a formal written Administrative Remedy Request directly to the Warden through a BP-9 form within 20 days after the basis for the grievance occurred. Within 20 calendar days of the Warden's response, the inmate may appeal to the Regional Director by filing a BP-10 form. If not satisfied with the Regional Director's response, the inmate may appeal by submitting a BP-11 form to the General Counsel within 30 days of the Regional Director's response. Upon completing this multiple-tiered review process, a federal inmate has exhausted his administrative remedies. 28 C.F.R. § 542.10–542.19.

The law is clear. It is not enough to merely initiate the grievance process. Petitioners must pursue the "grievance remedy to conclusion." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001); *Porter v. Peterson*, 747 F. App'x 247, 248 (5th Cir. 2019). But when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012)

2

(quoting *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994)). "Exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" i.e., where the administrative remedies are rendered unavailable, and the "[petitioner] bears the burden of demonstrating the futility of administrative review." *Schipke v. Van Buren*, 239 F. App'x 85, 86 (5th Cir. 2007) (quoting *Fuller*, 11 F.3d at 62). If an inmate shows an applicable exception to the exhaustion requirement, the inmate may obtain a ruling on the merits despite a lack of exhaustion.

    Liberally construed, Garcia-Valera maintains that he tried to exhaust but received no response to his BP-9 form requesting resolution at the institutional level. A search of his administrative remedy filings submitted by Respondent, however, reveals no remedy requests regarding an FSA claim. The only request of record concerns a request for medical treatment. But even if Garcia-Valera had presented his FSA claim, the Bureau's administrative remedies policy is clear: "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level," and proceed with the remaining steps. 28 C.F.R. § 542.18. Indeed, only after he has been denied at every level of the administrative remedies process would Garcia-Valera be entitled to judicial review. *McKinney v. Painter*, No. 19-50010, 2022 WL 287558, at *4 (5th Cir. Jan. 31, 2022), cert. denied, 143 S. Ct. 252, 214 L. Ed. 2d 88 (2022) ("it is only if the prison fails to respond at the last step of the grievance process that the prisoner becomes entitled to sue, because then there is no next step (save filing a lawsuit) to which the prisoner can advance") (quoting *Wilson v. Epps*, 776 F.3d 296, 299–300 (5th Cir. 2015)). As it stands,

3

until Garcia-Valera presents his FSA claim for administrative review, his claims may not be considered by this Court.

For these reasons, the undersigned submits that the instant petition be dismissed for failure to exhaust administrative remedies. Because the Court so finds, Respondent's arguments in the alternative need not be addressed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on August 30, 2024.

s/ LaKeysha Greer Isaac<br>
UNITED STATES MAGISTRATE JUDGE